[No. 15026. Department One. April 8, 1919.]

S. S. BLEIWEISS *et al., Appellants,* v. L. L. McCURDY
*et al., Respondents.*[1]

BROKERS (18, 33)—COMPENSATION—SUFFICIENCY OF SERVICES—EVI-
DENCE. A broker did not earn commissions by procuring a purchaser
able and willing to buy upon the terms authorized, where he was
not the first to interest the purchaser, his negotiations for a trade
fell through, and other agents with whom the property was listed
finally closed a different deal involving an exchange of other
property.

Appeal from a judgment of the superior court for
Spokane county, Huneke, J., entered March 22, 1918,
upon findings in favor of the defendants, in an action
to recover brokers' commissions, tried to the court.
Affirmed.

*Samuel R. Stern, Oscar Cain,* and *M. O. Pickett,* for
appellants.

*Walter A. White* and *Cannon & Ferris,* for re-
spondents.

*Oscar Cain* and *M. O. Pickett,* for intervener.

MACKINTOSH, J.—The parties to this action entered
into the following contract:

"Spokane, Washington, April 20th, 1916.
"This agreement entered into between the Coleman
Realty Company, and S. S. Bleiweiss: It is agreed
that the said Coleman Realty Company will furnish

[1]Reported in 180 Pac. 403.

the necessary expenses and such assistance to the said S. S. Bleiweiss who is to act as their agent; on completion of any tract of land or any other transaction that the said S. S. Bleiweiss is interested. The expenses are to be deducted from gross amount received from said transaction and balance of profit to be divided equally between the said Coleman Realty Co. and S. S. Bleiweiss.

"This contract to extend for the period of one year.

"(Signed) Coleman Realty Co., per L. L. McCurdy.

"S. S. BLEIWEISS."

The Coleman Realty Company is composed of the respondents Coleman and McCurdy. The appellant is seeking to recover what he claims is his share of the profits resulting from the transfer of certain parcels of land which he claims to have been instrumental in negotiating. When the contract was entered into, the respondents furnished the appellant with a listing of Montana property which was owned by them or which was in their hands for the purpose of exchange or trade. The same listing was furnished to other agents who were then employed similarly as was the appellant, the terms and conditions of their employment being the same as that of appellant. These listings contained prices upon each piece of property, and included the lands the subject of this suit, among a great many other parcels. A corporation whose place of business was at Walla Walla, through its agent, Hail, was at the time looking for the exchange of property which it owned in this state for Montana property. Included in the listing, was certain property which was owned by the respondent McCurdy individually, and also included land which the respondents had reason to believe could be bought reasonably and then used by them in their exchange business. The appellant came in contact with Hail, and made an effort to interest him in the exchange of

the property of his corporation for Montana lands. Numerous negotiations were had back and forth which resulted in the appellant's offering Montana lands known as the Hirschberger lands, consisting of 3,500 acres, and the Quigley lands, consisting of 1,679 acres. These deals were not consummated for the reason that the Hirschberger lands were reported to have been sold and Hail refused to investigate the Quigley lands or to seriously consider them. The appellant then ceased his effort to close the trade with Hail for these two pieces of property.

Among the other agents of the respondents, were Lloyd & Sherman, who had listings from the respondent prior to the appellant's employment, and who had, also prior to the appellant's employment, known that Hail was in the market for a trade and had been attempting to interest him in an exchange for the Montana lands. In September, 1916, they worked up a trade which involved the property known as the Healey lands, consisting of 1,915 acres, which the respondent McCurdy had to buy in order to consummate the trade as it was finally made. In addition to the Healey lands, there were involved the 1,679 acres known as the Quigley lands. Lloyd & Sherman, sometime after the appellant had ceased his negotiations with Hail, made a trip to Montana with Hail for the purpose of investigating the property, and through the efforts of Lloyd & Sherman, a trade was arranged with the Babcock Company, through Hail, whereby the Babcock Company took the Healey lands and the Quigley lands in exchange for property in Washington; the terms of the trade and some of the property on both sides of the trade being entirely different from that about which the appellant and Hail were negotiating.

In order for the appellant to be entitled to compensation or an accounting, he must have found a person able and willing to purchase the property upon the terms which he was authorized to sell at, and which terms must have been satisfactory to his principal, and it is not sufficient that the appellant should have introduced a person who subsequently completed negotiations for other property of the principal through another agent who had a similar listing to that in the hands of the appellant. As was said in *Frink v. Gilbert,* 53 Wash. 392, 101 Pac. 1088:

"Where several brokers have the same property listed for sale, although each has contributed towards the result, the one whose effort was the efficient cause of the sale is entitled to recover the commission . . . 'In the absence of all collusion on the part of the vendor, the agent through whose instrumentality the sale is carried to completion, is entitled to the commissions'."

But in this case, the appellant's right of recovery is not as strong as in a case similar to the one just quoted from, where two agents have presented the same piece of property to a prospective purchaser and the sale is finally consummated through one of them, although the other may have been the one who originally interested the purchaser; for here, Hail did not first become interested in doing business with the respondent through the instrumentality of the appellant, and the deal, as finally made, did not involve the same property that the appellant had presented to Hail, nor was it made in exchange for the same property which Hail was offering to the appellant in exchange, nor were the terms of the exchange the same as those being considered by the appellant and Hail. This case, although the record and briefs are voluminous, presents but a question of fact, and that question must

be resolved against the appellant for the reason that he was not instrumental in consummating the exchange which took place.

It was negotiated by other agents after he had attempted and failed to make an entirely different deal with the same parties, and had, as we are satisfied from the evidence, abandoned all hope of effecting an exchange and had ceased all effort in that regard. The judgment of the lower court was correct in denying him recovery.

Judgment affirmed.

CHADWICK, C. J., MAIN, TOLMAN, and MITCHELL, JJ., concur.